UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**AKELA S. BROWN,**
       **Plaintiff,**

  v.                                        Case No. 11-C-0529

**ERIC K. SHINSEKI, Secretary,**
**Department of Veterans Affairs,**
       **Defendant.**

---

## DECISION AND ORDER

Plaintiff Akela S. Brown has filed an employment discrimination lawsuit against the Department of Veterans Affairs and seeks leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Under § 1915, an indigent party may commence a federal court action without paying required costs and fees upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff has filed the required affidavit of indigence, and upon review of that affidavit, I am satisfied that plaintiff cannot afford to pay the filing fee. Her motion to proceed in forma pauperis will be granted.

Plaintiff has also filed a motion for the appointment of counsel. Although civil litigants do not have a constitutional or statutory right to appointed counsel, I have discretion to request attorneys to represent indigents in appropriate cases pursuant to 28 U.S.C. § 1915(e)(1). See Pruitt v. Mote, 503 F.3d 647, 653 (7th Cir. 2007). When confronted with a request under § 1915(e)(1), the district court must make the following

inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself? Id. at 654. In her request for appointed counsel, plaintiff describes her unsuccessful efforts to secure counsel, and based on that description I am satisfied that she has made a reasonable attempt to obtain counsel on her own. I therefore proceed to the second inquiry – whether in light of the difficulty of the case plaintiff appears competent to litigate it herself.

The present case appears to be a relatively straightforward employment discrimination claim, and the complaint and motions plaintiff has filed so far indicates that she is capable of performing legal research, articulating legal arguments and developing the facts needed to support her arguments. Although a lawyer would surely present the case more effectively than the pro se plaintiff, that is not a reason for requesting pro bono counsel under § 1915(e)(1). See Pruitt, 503 F.3d at 655. Because I conclude that the factual and legal difficulty of this case does not exceed plaintiff's capacity as a layperson to coherently present it to the court and the jury herself, plaintiff's request for pro bono counsel will be denied.

## CONCLUSION

For the reasons stated, **IT IS ORDERED** that plaintiff's request to proceed in forma pauperis is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED**.

**FINALLY, IT IS ORDERED** that, pursuant to Fed. R. Civ. P. 4(c)(3), the U.S. Marshals Service serve a copy of the complaint, a waiver of service form and/or the

2

summons, and this order upon defendant.  Plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service.  28 U.S.C. § 1921(b).  The current fee for waiver-of-service packages is $8 per item.  28 C.F.R. §§ 0.114(a)(2).  Although Congress requires the court to order service by the U.S. Marshals Service precisely because in forma pauperis plaintiffs are indigent, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service.

Dated at Milwaukee, Wisconsin this 10th day of June, 2011.

/s_____
LYNN ADELMAN
District Judge